## Chesapeake & Ohio Railroad Co. v. Howard.

(Decided April 19, 1911.)

### Appeal from Floyd Circuit Court.

Testimony—Inconsistent.—The finding of the jury against a railroad company for the value of stock killed by one of its trains will

not be disturbed on appeal, where the testimony of the railroad men as to how the stock was killed was not consistent and was contradicted by other circumstances.

WALTER S. HARKINS, JOSEPH D. HARKINS, and WORTHINGTON COCHRAN & BROWNING for appellant.

HAY & HAY for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON— Affirming.

George Howard instituted this action against the Chesapeake & Ohio Railroad Company to recover damages for the killing of two horses of the value of $300, three calves, $36, and three cattle, $85, making in all $421. On the trial of the case he recovered a judgment for $400. The defendant appeals.

The defendant introduced on the trial its engineer and fireman who testified in substance that the horses came on the track just in front of the engine and too close to it for them to avoid striking them, the train being a passenger train running twenty-five or thirty miles an hour. They also testified that the cattle when seen were at the side of the road, and some feet from the track; that when the train approached them, they began running obliquely to the track and were struck just as they crossed it; that the calves came out from behind some ties and were struck by the train because it was so close to them when they first became visible that nothing could be done to avoid the injury. The defendant insists here that the verdict is against the evidence; that the testimony of the trainmen overcame the presumption of negligence which the statute raises from the killing of stock, and that the verdict should not be sustained  The plaintiff, however, proved that on the morning after the horses were killed, he went to the track of the railroad and saw where the horses had come upon the track about four hundred yards from the point where they were struck, and found their tracks from the point where they came on the railroad track down to the point where they were struck, showing that they were running rapidly from the point where they came on, to the point where they were struck. The dents of the horses' shoes were in the ties and on the earth between the ties, and one shoe was found pulled off on the ties. The evidence contradicted the testimony of the

trainmen as to how the horses were killed, and warranted the jury in finding a verdict for the plaintiff. Cases of this sort must naturally depend largely upon circumstantial evidence, and where the circumstances shown are inconsistent with the testimony of the railroad men, it can be said as a matter of law that the prima facie case created by the statute has been overthrown. The engineer testified that his train was running twenty-five miles an hour, and according to his statements the cattle were running fifty feet while the train was running eighty feet. On being recalled he said that he had applied the emergency brakes and that this had checked the speed of the train before it reached the cattle; but the time was so short after the cattle started to run and before they were struck that the jury no doubt thought that the brakes could have had but little effect on the speed of the train and that the cattle could not have been killed in the way he said. They evidently did not allow a part of the plaintiff's claim, and this may have been because they did not hold the company responsible for the calf that walked out from behind the ties. But however this may be, the credibility of the witnesses is for the jury. When they do not believe a witness on one point it is within their province to disbelieve him on other matters. Where the testimony of the defendant's witnesses is not consistent or is contradicted by circumstances, the jury may disregard it in cases of this sort. On the whole case we do not see that the ends of justice require a new trial.

Judgment affirmed.